MARY C. DOLLARHIDE (Bar No. 138441)
TAYLOR WEMMER (Bar No. 292539)
mary.dollarhide@dlapiper.com
taylor.wemmer@dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA  92121-2133
Tele:  858.677.1400
Fax:   858.677.1401

*Attorneys for Defendant*
BAE SYSTEMS SAN DIEGO SHIP REPAIR INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO CABRALES, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  '21CV2122 JAH  KSC<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BAE SYSTEMS SAN DIEGO SHIP REPAIR INC.**<br><br>San Diego County Superior Court No. 37-2021-00045673-CU-OE-CTL |

1  TO THE CLERK OF THE COURT, PLAINTIFF FEDERICO CABRALES
2  AND PLAINTIFF'S ATTORNEYS OF RECORD:
3      PLEASE TAKE NOTICE that Defendant BAE Systems San Diego Ship
4  Repair Inc. ("BAE SDSR" of "Defendant") hereby removes this action from the
5  Superior Court of California in and for the County of San Diego (the "Superior
6  Court") to the United States District Court for the Southern District of California.
7  This removal is pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1442(a)(1), for the
8  reasons stated below:

### I.

### SUMMARY OF ALLEGATIONS AND COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

12      1.    On or about October 26, 2021, plaintiff Federico Cabrales ("Plaintiff")
13  commenced this action entitled "*Federico Cabrales, an individual, and on behalf of*
14  *others similarly situated, Plaintiff vs. BAE Systems San Diego Ship Repair, Inc.;*
15  *and, DOES 1 through 50, inclusive, Defendants*," No. 37-2021-000045673-CU-OE-
16  CTL (the "Action"). A true and correct copy of the original Complaint filed in the
17  Action is attached as **Exhibit A** to this Notice.
18      2.    In the Complaint, Plaintiff alleges nine causes of action: (1) failure to
19  provide required meal periods; (2) failure to provide required rest periods; (3)
20  failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay
21  all wages due to discharged and quitting employees; (6) failure to maintain required
22  records (7) failure to furnish accurate itemized wage statements; (8) failure to
23  indemnify employees for necessary expenditures incurred in discharge of duties; and
24  (9) unfair and unlawful business practices.
25      3.    On November 23, 2021, Plaintiff served BAE SDSR with the
26  summons, a copy of the Complaint, the filed Civil Case Cover Sheet, and the
27  Notice of Case Assignment and Case Management Conference ("Notice of Case
28  Assignment"), the Superior Court of California, County of San Diego Alternative

DLA Piper LLP (US)
San Diego

-1-

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT

Dispute Resolution (ADR) Information sheet and blank Stipulation to Use Alternative Dispute Resolution (ADR), and Notice of Deposit of Advance Jury Fee by Plaintiff Federico Cabrales. A true and correct copy of the summons, Civil Case Cover Sheet, and Notice of Deposit of Advance Jury Fee by Plaintiff Federico Cabrales is attached as **Exhibit B** to this Notice. A true and correct copy of the Notice of Case Assignment is attached as **Exhibit C** to this Notice.

4. Exhibits A-C constitute all papers of which Defendants are aware that have been filed with the Superior Court in this action.

5. This notice of removal is filed within thirty (30) days after Defendant was first served with papers in this Action, which consisted of a copy of the original Complaint and summons. The first date on which Defendants were served with the summons and a copy of the operative pleading in this Action was November 23, 2021, and this Notice of Removal is being filed on December 23, 2021. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1441(a). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service.").

6. Other than BAE SDSR, no other defendants are named in the Complaint, and BAE SDSR believes that no other defendant has been served with process in this Action.

7. Notice of this removal will be given promptly to Plaintiff and the Superior Court of the State of California, County of San Diego pursuant to 28 U.S.C. § 1446(d).

8. Venue of this Action is properly laid in this District because the Superior Court is located within this District. *See* 28 U.S.C. §§ 84(d), 1441(a).

///

///

## II.

## BASIS FOR JURISDICTION

9. This Court has original jurisdiction over this Action pursuant to the provisions of 28 U.S.C. § 1331 and may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a) on the following grounds: (1) under the Federal Officer Removal statute and (2) on the basis that Plaintiff's claims, at least in part, arose on a federal enclave over which the federal government has exclusive jurisdiction.

## III.

## FEDERAL OFFICER REMOVAL UNDER 28 U.S.C. § 1442(A)

10. Under 28 U.S.C. § 1442(a)(1), a civil action commenced in state court that is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . " is removable. A case may be removed to federal court under this statute, which is known as the Federal Officer Removal statute, when "(1) [the defendant] is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the action [the defendant] took pursuant to a federal officer's direction, and (3) [the defendant] has a 'colorable' federal defense to plaintiffs' claims." *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014), cert. denied, 574 U.S. 934 (2014).

11. Removal under 28 U.S.C. § 1442(a) is to be liberally construed and interpreted broadly in favor of removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("We take from [] history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal.").

12. Here, under the first prong, BAE SDSR is a "person" within the

1  meaning of 28 U.S.C. § 1442(a)(1) as this term includes corporations.  *See Fung v.*
2  *Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992) (holding that defendant
3  General Dynamics "as a builder of submarines under the supervision of the
4  Secretary of Navy or his delegees" was a "person" under 28 U.S.C. § 1442(a)(1)).
5  At all times mentioned in the Complaint, BAE SDSR was a person acting under the
6  direction of the United States Navy, as well as such officers, designees and agents.
7  *See* Declaration of Michael Roadinger in Support of Notice of Removal by
8  Defendant BAE Systems San Diego Ship Repair Inc. ("Roadinger Decl.") ¶ 3.

9      13.    With regard to the second prong, a causal nexus exists between the
10  actions of the federal officers and the actions for which defendant is being sued
11  when the government exercised "direct and detailed" control over the defendant's
12  actions.  *See Fung*, 816 F. Supp. at 572 ("A majority of courts have held that the
13  federal official must have 'direct and detailed control' over the defendant.")
14  (citation omitted).  This is not a stringent standard.  *See Carter v. Monsanto Co.*,
15  635 F. Supp. 2d 479, 489 (S.D. W. Va. 2009) ("The causal nexus requirement does
16  not establish a stringent standard.").  A causal nexus is established when the
17  government exercises sufficient control over production specifications.  *See Akin v.*
18  *Big Three Indus., Inc.*, 851 F. Supp. 819, 823 (E.D. Tex. 1994); *Burdett v. CBS*
19  *Corp.*, No. CV 17-04581-AB (SKx), 2017 WL 6514649, at *3 (C.D. Cal. Dec. 20,
20  2017).  Additionally, this prong is met when plaintiff's claims arise from the
21  defendant's performance of its duties under an applicable contract.  *See Corley v.*
22  *Long-Lewis, Inc.,* 688 F. Supp. 2d 1315, 1335 (N.D. Ala. 2010) ("All a defendant
23  needs to do to show a causal nexus is to establish that the plaintiff's claims arise
24  from the defendants' performance of their duties under their contract with the
25  Navy.") (citation omitted.)

26      14.    As alleged in Plaintiff's Complaint, "BAE SDSR provides ship repair,
27  maintenance, modernization, conversion, and overhaul services for government
28  agencies including the U.S. Navy . . . [and] BAE SDSR's shipyard at the Port of

1  San Diego has over 1,000 employees and works with the Navy and subcontractor
2  companies in its operations." Complaint ¶ 6.

3      15.    BAE SDSR primarily performs work on U.S. Naval ships under
4  contracts with the United States Navy.  Roadinger Decl. ¶¶ 2-3.  Under these
5  contracts, the U.S. Navy maintains complete control over access to its ships,
6  specifically details what labor needs to be performed on its ships, and ultimately
7  approves all work performed by BAE SDSR and those working for BAE SDSR on
8  U.S. Navy vessels. *Id.* at ¶ 3.  Further, all repair and modernization work
9  performed by BAE SDSR must comply with the specifications and rules approved
10 and imposed by the United States Navy and the U.S. Government. *Id.*  Plaintiff
11 here claims he has suffered injury due to work he has performed for BAE SDSR
12 while working on U.S. Naval ships.  Therefore, the second prong is met.

13     16.    Under the third and last prong, BAE SDSR has a colorable defense
14 under federal law.  The defendant does not need to affirmatively prove the asserted
15 defense; the defense only needs to be plausible.  *See McGee v. Arkel Int'l, LLC*, 716
16 F. Supp. 2d 572, 578 (S.D. Tex. 2009) ("They need not prove the asserted defense,
17 but need only articulate its 'colorable' applicability to the plaintiff's claims.")  In
18 this case, BAE SDSR has a colorable defense to some, if not all, of Plaintiff's and
19 the alleged class members' claims under the Federal Enclave Doctrine, as described
20 in Section IV below.

21     17.    Because all aspects of 28 U.S.C. § 1442(a)(1) are satisfied, removal is
22 therefore proper. *Fung,* 816 F. Supp. at 573.

## IV.

## FEDERAL ENCLAVE JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441(A)

26     18.    This Court has "original jurisdiction of all civil actions arising under
27 the . . . laws. . . of the United States." 28 U.S.C. § 1331.  A defendant may remove
28 any civil action brought in state court over which the district courts have original

1  jurisdiction.  28 U.S.C. § 1441(a).

2      19.    The Federal Enclave Doctrine arises under Article 1, § 8, cl. 17 of the United States Constitution, which grants Congress the power to "exercise exclusive Legislation in all Cases whatsoever" over all places purchased with consent of a state "for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."[1]  An area becomes a federal enclave when the United States has acquired the land with the consent of the state.  *Paul v. United States*, 371 U.S. 245, 264 (1963); *see also Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 478 (2000) ("An enclave is created when the federal government purchases land within a state with the state's consent[.]").  Once an area is established as a federal enclave, "Congress assumes the power of legislation over that area.  Federal law thus applies[.]" *Lockhart v. MVM, Inc.*, 175 Cal. App. 4th 1452, 1457-58 (2009).

    20.    As alleged in Plaintiff's Complaint, "BAE SDSR provides ship repair, maintenance, modernization, conversion, and overhaul services for government agencies including the U.S. Navy . . . [and] BAE SDSR's shipyard at the Port of San Diego has over 1,000 employees and works with the Navy and subcontractor companies in its operations."  Complaint ¶ 6.

    21.    BAE SDSR's shipyard is located adjacent to the U.S. Naval Station in San Diego and BAE SDSR performs all levels of repair and modernization on different types of government vessels, including the U.S. Navy fleet.  *See* Roadinger Decl. ¶ 2.  The U.S. Navy Fleet includes naval ships of various sizes, including aircraft carriers that can only be worked on at North Island Naval Air Station.  *Id.* ¶ 4.  For the past four years, BAE SDSR has primarily worked on U.S. Naval ships and has only had three smaller commercial projects.  *Id.* ¶ 2.  Putative class members have been assigned to work on several different U.S. Naval ships

---

[1] The power to exercise "exclusive legislation" holds the same meaning as "exclusive jurisdiction."  *See Surplus Trading Co. v. Cook*, 281 U.S. 647, 652 (1930) ("'Exclusive legislation' is consistent only with exclusive jurisdiction.").

1  over the past four years. *Id.* ¶¶ 6-7. Plaintiff was assigned to work on U.S. Naval
2  ships as a temporary services employee during the time he worked at BAE SDSR.
3  *Id.* ¶ 6.

4      22.    The U.S. Naval ships to which putative class members have been and
5  are assigned can be located at one of three different locations. Putative class
6  members are sometimes moved to different locations depending on the day or even
7  in the middle of a shift depending on the work that needs to be performed. *Id.* ¶ 7.
8  Two of the locations at which putative class members regularly perform work are
9  the Naval Base San Diego, also known as the 32nd Street Naval Station, and North
10 Island Naval Air Station. *Id.* ¶¶ 6-7. Per a review of Plaintiff's work records,
11 Plaintiff performed work for BAE SDSR at the 32nd Street Naval Station. *Id.* ¶ 6.

12     23.    North Island Naval Air Station was acquired by the United States from
13 the State of California by deed dated May 21, 1934 and therefore is a federal
14 enclave. *See* Defendants' Request for Judicial Notice In Support of Notice of
15 Removal ("RJN"), Ex. C (Quitclaim Deed dated May 21, 1934).

16     24.    Additionally, the Naval Base San Diego (formerly known as The
17 Destroyer Base) became a federal enclave on February 23, 1922 pursuant to General
18 Order No. 78 establishing the facility as the U.S. Destroyer Base. *See* RJN, Ex. A
19 (General Order 78); *see also Carvajal v. Pride Indus., Inc.,* No. 10CV2319-
20 GPC(MDD), 2013 WL 1728273, at *5 (S.D. Cal. Apr. 22, 2013) ("The Naval Base
21 San Diego, formerly known as The Destroyer Base, became a federal enclave on
22 February 23, 1922 pursuant to General Order No. 78 of the Navy Department and
23 the State of California authorized the transfer of land."); *Jimenez v. CRC Prop.*
24 *Mgmt. W. Inc.*, No. 3:19-CV-01547-JAH-MSB, 2021 WL 4312622, at *4 (S.D. Cal.
25 Sept. 21, 2021) (finding that Naval Base San Diego became a federal enclave on
26 February 23, 1922).

27     **25.**    Plaintiff alleges that he, and members of the putative class (the
28 existence of which BAE SDSR expressly denies) were denied payment for all time

worked and denied meal and rest breaks as required under California law.  As some of Plaintiff's and putative class members' alleged injuries occurred on a federal enclave, federal law necessarily applies and removal is proper.  *See Fung*, 816 F. Supp. at 571 (denying plaintiff's motion to remand in part because plaintiff was exposed to asbestos in Navy-owned submarines docked at a federal enclave); *Corley*, 688 F. Supp. 2d at 1324, 1336 (holding that removal under federal enclave basis was proper where employee was a repair worker exposed to asbestos aboard Navy-owned vessels docked at federal enclaves).  *Cf. Mersnick v. USProtect Corp.*, No. C-06- 03993 RMW, 2006 WL 3734396, at *7-8 (N.D. Cal. Dec. 18, 2006) (holding that plaintiff's claims for certain California Labor Code violations, including alleged meal and rest break violations and "off-the clock" work without pay, were barred under the Federal Enclave Doctrine).

## V.

## CONCLUSION

26.   Based on the foregoing, this Action may be removed under (1) 28 U.S.C. §1442(a), the Federal Officer Removal statute, (2) 28 U.S.C. §1441(a) on the basis of the Federal Enclave Doctrine, and (3) the Class Action Fairness Act.

Respectfully Submitted,

DATED:  December 23, 2021          DLA PIPER LLP (US)

By: */s/Mary C. Dollarhide*
MARY C. DOLLARHIDE
TAYLOR WEMMER

Attorneys for Defendant
BAE SYSTEMS SAN DIEGO SHIP REPAIR INC.

# INDEX OF EXHIBITS TO NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BAE SYSTEMS SAN DIEGO SHIP REPAIR INC.

| Exhibit | Description | Page Nos. |
|---|---|---|
| A. | Original Complaint | 10-29 |
| B. | Summons, Civil Case Cover Sheet, and Notice of Deposit of Advance Jury Fee by Plaintiff Federico Cabrales | 30-34 |
| C. | Notice of Case Assignment | 35-36 |