# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2021** at 03:43:03 PM
Clerk of the Superior Court
By Melissa Valdez,Deputy Clerk

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
 matern@maternlawgroup.com
Scott A. Brooks (SBN 160115)
 sbrooks@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for plaintiff Federico Cabrales
individually, and on behalf of others
similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| FEDERICO CABRALES, individually, and on behalf of others similarly situated, | Case No. 37-2021-00046673-CU-OE-CTL |
| Plaintiff, | |
| vs. | **COMPLAINT:** |
| | 1. Failure to Provide Required Meal Periods |
| BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and, | 2. Failure to Provide Required Rest Periods |
| DOES 1 through 50, inclusive, | 3. Failure to Pay Overtime Wages |
| Defendants. | 4. Failure to Pay Minimum Wages |
| | 5. Failure to Pay All Wages Due to Discharged and Quitting Employees |
| | 6. Failure to Maintain Required Records |
| | 7. Failure to Furnish Accurate Itemized Wage Statements |
| | 8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties |
| | 9. Unfair and Unlawful Business Practices |
| | **DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1
COMPLAINT

Exh. A, P. 10

Plaintiff Federico Cabrales ("PLAINTIFF") an individual, demanding a jury trial, on behalf of himself and other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, defendant BAE SYSTEMS SAN DIEGO SHIP REPAIR INC. is a California corporation ("BAE SDSR"), and along with DOES 1 through 50, inclusive (collectively with BAE SDSR "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.

2.      Venue is proper in this judicial district and the County of San Diego, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of San Diego, DEFENDANTS maintain offices and facilities and transact business in the County of San Diego, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of San Diego.

## PLAINTIFF

3.      PLAINTIFF is a resident of the State of California and a former employee of DEFENDANTS. Plaintiff was employed by DEFENDANTS as a nonexempt employee at the BAE SDSR shipyard.

4.      PLAINTIFF, on behalf of himself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

COMPLAINT

Exh. A, P. 11

1    required records, and interest, attorneys' fees, costs, and expenses.

2        5.    PLAINTIFF brings this action on behalf of himself and the following

3    similarly situated class of individuals ("CLASS MEMBERS"): all current and former

4    non-exempt employees of DEFENDANTS in the State of California at any time within

5    the period beginning four (4) years prior to the filing of this action and ending at the

6    time this action settles or proceeds to final judgment (the "CLASS PERIOD").

7    PLAINTIFF reserves the right to name additional class representatives.

8                              **<u>DEFENDANTS</u>**

9        6.    PLAINTIFF is informed and believes, and thereon alleges, that defendant

10   BAE SDSR is, and at all times relevant hereto was, a corporation organized and existing

11   under the laws of the State of California. BAE SDSR provides ship repair, maintenance,

12   modernization, conversion, and overhaul services for government agencies including the

13   U.S. Navy, and for commercial customers. The BAE SDSR's shipyard at the Port of San

14   Diego has over 1,000 employees and works with the Navy and subcontractor companies

15   in its operations. PLAINTIFF is further informed and believes, and thereon alleges, that

16   defendant BAE SDSR maintains offices and facilities and conducts business in, and

17   engages in illegal payroll  and hour and practices and policies in, the County of San

18   Diego, State of California.

19       7.    The true names and capacities of DOES 1 through 50, inclusive, are

20   unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE

21   Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon

22   alleges, that each Defendant designated as a DOE is in some manner highly responsible

23   for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries

24   and damages, as alleged herein, were proximately caused by the conduct of such DOE

25   Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege

26   their true names and capacities of such DOE Defendants when ascertained.

27       8.    At all relevant times herein, DEFENDANTS were the joint employers of

28   PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

COMPLAINT

Exh. A, P. 12

allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

9.      At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

10.      PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11.      Defendants DOES 1-25 are "labor contractors" as that term is used in Labor Code section 2810.3, i.e., "Labor contractor" means an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business.

12.      Pursuant to Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

COMPLAINT

Exh. A, P. 13

provision regulating minimum wages or hours and days of work in any order of the IWC, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

13.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

14.     Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class composed of and defined as follows:

> All current and former non-exempt employees of DEFENDANTS who worked at the San Diego Shipyard located at 2205 E. Belt Street, San Diego, California at any time since October 25, 2017 through the date of trial and were paid on an hourly basis.

15.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage orders, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage orders, and the Business and Professions Code.

16.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

COMPLAINT

Exh. A, P. 14

17.     DEFENDANTS maintain records from which the Court can ascertain and identify each of DEFENDANTS' employees who has been systematically, intentionally and uniformly subjected to DEFENDANTS' company policy, practices and procedures as herein alleged.

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11 and Wage Order No. 9-2001, § 11]**

**(Against all DEFENDANTS)**

18.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

19.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, failed to provide uninterrupted, 30-minute meal periods at the times required by law, failed to accurately record meal periods, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to Labor Code §§ 226.7 and 512 and IWC Wage Order No. 1-2001, § 11 and Wage Order No. 9-2001, § 11.

20.     PLAINTIFF and other employees are current and former non-exempt employees of DEFENDANTS and are entitled to the protections of Labor Code §§ 226.7 and 512 and Wage Order No. 1-2001, § 11 and Wage Order No. 9-2001, § 11. DEFENDANTS failed to provide PLAINTIFF and their other employees timely and uninterrupted thirty-minute meal breaks. In fact, PLAINTIFF's and other aggrieved employees' meal periods were short (less than thirty minutes), late (first meal periods after the fifth hour of work and second meal periods after the tenth hour), interrupted and/or missed. Circumstances in which this occurred include: that DEFENDANTS used an audio signal ("horn") five minutes before the end of – during

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

COMPLAINT

Exh. A, P. 15

– the meal period to alert PLAINTIFF and the employees that the meal period was ending and that they should return to their work area; where employees including PLAINTIFF had to turn off and/or secure equipment and take off work garments and gear including PPE and safety equipment, before leaving their work area, and the time it took them to line up, go through security checks, and leave their work area, e.g., a ship, to reach a meal/break area, which took time such that it shortened their meal periods and rest breaks, and then the same process in reverse; where DEFENDANTS  consistently failed to provide PLAINTIFF and other aggrieved employees meal periods because PLAINTIFF and other aggrieved employees were given too much work to perform to take meal periods.

21.     DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage Order No. 1-2001, § 11 and Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided, including that in instances where one additional hour of compensation at each employee's regular rate of pay was paid for each workday that a meal period was not provided, the calculation of that premium pay for a noncompliant meal period did not account for other nondiscretionary payments for work performed by PLAINTIFF and CLASS MEMBERS.

22.     DEFENDANTS further violated Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 and Wage Order No. 9-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

23.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

COMPLAINT

Exh. A, P. 16

**SECOND CAUSE OF ACTION**

**Failure to Provide Required Rest Periods**

**[Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12 and Wage Order No. 9-2001, § 12]**

**(Against all DEFENDANTS)**

24.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

25.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12 and Wage Order No. 9-2001, § 12.

26.     DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 and Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided, including that in instances where one additional hour of compensation at each employee's regular rate of pay was paid for each workday that a rest period was not provided, the calculation of that premium pay for a noncompliant rest, or recovery period did not account for other nondiscretionary payments for work performed by PLAINTIFF and CLASS MEMBERS.

27.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8

COMPLAINT

Exh. A, P. 17

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3 and Wage Order No. 9-2001, § 3]

### (Against all DEFENDANTS)

28.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

29.     Pursuant to Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3 and Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

30.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001 and Wage Order No. 9-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Orders by, among other things: failing to pay overtime at one and one-half (1½) or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3 and Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring PLAINTIFF and CLASS MEMBERS to go through security checks while of the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

COMPLAINT

Exh. A, P. 18

compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked and to pay the amount of overtime wages due as required by the Labor Code and IWC Wage Orders by failing and refusing to include all compensation including nondiscretionary payments, per diems and bonuses earned, due and owing and/or paid, in the regular rate of pay from which overtime wages were calculated and paid; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

31.    In violation of California law, DEFENDANTS knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

32.    DEFENDANTS' conduct described herein violates Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3 and Wage Order No. 9-2001, § 3. Therefore, pursuant to Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///
///
///
///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

Exh. A, P. 19

COMPLAINT

## **FOURTH CAUSE OF ACTION**

### **Failure to Pay Minimum Wages**

**[Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4 and Wage Order No. 9-2001, § 4]**

**(Against all DEFENDANTS)**

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4 and Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

35.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

36.     DEFENDANTS' conduct described herein violates Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4 and Wage Order No. 9-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

COMPLAINT

Exh. A, P. 20

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

37.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

38.     Pursuant to Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

39.     Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

40.     Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

41.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with Labor Code §§ 201 and 202.

42.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in Labor Code § 203, together with interest thereon, as well as other available remedies.

43.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12

COMPLAINT

Exh. A, P. 21

1  in an amount according to proof at the time of trial, but in excess of the jurisdiction

2  of this Court, and are entitled to recovery of such amounts, plus interest thereon,

3  and attorneys' fees and costs, pursuant to Labor Code §§ 1194 and 2699.

4

5  **SIXTH CAUSE OF ACTION**

6  **Failure to Maintain Required Records**

7  **[Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7 and Wage Order**

8  **No. 9-2001, § 7]**

9  **(Against all DEFENDANTS)**

10  44.    PLAINTIFF incorporates herein by specific reference, as though fully

11  set forth, the allegations in the foregoing paragraphs.

12  45.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll

13  policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages

14  earned and due, DEFENDANTS knowingly and intentionally failed to maintain

15  records as required under Labor Code §§ 226, 1174, and IWC Wage Order No. 1-

16  2001, § 7 and Wage Order No. 9-2001, § 7, including but not limited to the following

17  records: total daily hours worked by each employee; applicable rates of pay; all

18  deductions; meal periods; time records showing when each employee begins and ends

19  each work period; and accurate itemized statements.

20  46.    As a proximate result of DEFENDANTS' unlawful actions and

21  omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount

22  according to proof at trial, and are entitled to all wages earned and due, plus interest

23  thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all

24  available statutory penalties, including but not limited to civil penalties pursuant to

25  Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and

26  reasonable attorneys' fees, including but not limited to those provided in Labor Code

27  § 226(e), as well as other available remedies.

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

COMPLAINT

Exh. A, P. 22

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7 and Wage Order No. 9-2001, § 7]

### (Against all DEFENDANTS)

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226 and IWC Wage Order No. 1-2001, § 7 and Wage Order No. 1-2001, § 7.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with Labor Code § 226(a).

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

Exh. A, P. 23

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in**

**Discharge of Duties**

**[Labor Code § 2802]**

**(Against all DEFENDANTS)**

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

53.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, tools, protective equipment, cell phone usage, and other employment-related expenses, in violation of Labor Code § 2802.

54.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in Labor Code § 2802(c), as well as other available remedies.

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

COMPLAINT

Exh. A, P. 24

**NINTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

55.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

56.     Each and every one of DEFENDANTS' acts and omissions in violation of the Labor Code and/or the applicable IWC Wage Order and California law, as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes unfair and unlawful business acts and practices under Business and Professions Code § 17200 et seq.

57.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

58.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the Labor Code and other applicable regulations.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16

COMPLAINT

Exh. A, P. 25

59.     As a result of DEFENDANTS' unfair and unlawful business act and practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

60.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.  PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, and as representative of other aggrieved employees, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.     For meal and rest period compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 1-2001 and Wage Order No. 9-2001, § 7;

4.     For liquidated damages pursuant to Labor Code §§ 1194.2 and 1197.1;

5.     For unpaid minimum wages, and unpaid overtime compensation;

6.     For preliminary and permanent injunctive relief enjoining

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

COMPLAINT

Exh. A, P. 26

DEFENDANTS from violating the relevant provisions of the Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

7.      For waiting time penalties pursuant to Labor Code § 203;

8.      For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the Labor Code § 226(e);

9.      For injunctive relief, attorneys' fees, costs and $750.00 penalties pursuant to Labor Code §§ 226(f) and (h) and §1198.5(k) and (l).

10.     For interest on the unpaid wages at 10% per annum pursuant to Labor Code §§ 218.6, 1194, 2802, Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

11.     For reasonable attorneys' fees and costs pursuant to Labor Code §§ 1194 and 2802, Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

12.     For declaratory relief;

13.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action for class treatment;

14.     For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel;

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

COMPLAINT

Exh. A, P. 27

15.     For such further relief that the Court may deem just and proper.

DATED: October 26, 2021

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Scott A. Brooks
Attorneys for Plaintiff
Federico Cabrales, individually, and on
behalf of other persons similarly
situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

19

COMPLAINT

Exh. A, P. 28

1

## **DEMAND FOR JURY TRIAL**

2       PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3   right by jury.

4

5    DATED: October 26, 2021            **MATERN LAW GROUP, PC**

6

7

8                                By: _____

9

10                                   Matthew J. Matern
                                     Scott A. Brooks
11                                   Attorneys for Plaintiff
                                     Federico Cabrales, individually, and on
12                                   behalf of other persons similarly
                                     situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

20                                                               COMPLAINT
Exh. A, P. 29