UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO CABRALES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 21-cv-02122-AJB-DDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>**(Doc. No. 111)** |

Presently pending before the Court is Defendant BAE Systems San Diego Ship Repair, LLC's ("BAE") motion for attorneys' fees, in which Defendant's counsel requests reimbursement of their expenses incurred in successfully moving to dismiss former plaintiff Tony Fuga with prejudice pursuant to Federal Rule of Civil Procedure 37. (Doc. No. 111.) The motion is fully briefed, (Doc. Nos. 116 & 120), and the matter is suitable for determination on the papers. For the reasons stated herein, the Court **GRANTS** BAE's motion for attorneys' fees in the amount of $9,060.00.

///

///

1

## I. BACKGROUND

This case arises out of alleged violations of wage abuse under California's Labor Codes and Business and Professions Code, and under the Private Attorneys General Act as a representative action. (Second Amended Complaint, Doc. No. 21.)

On June 28, 2023, the Court granted BAE's Motion to Dismiss Plaintiff Tony Fuga with prejudice as a terminating sanction, finding Mr. Fuga's failure to comply with his discovery obligations and the Court's May 4, 2023 Order ("May 4 Order") was not substantially justified. (Doc. No. 101.) The Court also denied without prejudice BAE's request for reasonable attorneys' fees because of the "scant . . . factual detail necessary for the Court to resolve BAE's request" but stated "an award of expenses and costs" would not be unjust and that "BAE may renew its motion[.]" (*Id.* at 10, 11.) The instant motion follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) authorizes sanctions against a party for failing to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A), (C). As indicated by the language of Rule 37(b), a court has discretion whether to issue sanctions, and if so, what types of sanctions to issue. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976) ("By the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge."); *accord Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court."); *Robinson v. City of San Diego*, No. 11–CV–0876–AJB (WVG), 2013 WL 525679, at *6 (S.D. Cal. Feb. 8, 2013) ("Under Rule 37, the Court has wide discretion to fashion remedies for disobeying discovery orders."). However, the district court's discretion to issue sanctions is subject to the following limitations: (1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the discovery order. *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

1  Rule 37(b)(2)(C) also provides that with respect to payment of expenses for failure
2  to comply with a court order, "[i]nstead of or in addition to the [sanctions listed in Rule
3  37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party,
4  or both to pay the reasonable expenses, including attorney's fees, caused by the failure,
5  unless the failure was substantially justified or other circumstances make an award of
6  expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.  DISCUSSION

This Court already determined that Mr. Fuga must pay BAE's reasonable expenses incurred in making its motion to dismiss Mr. Fuga as a terminating sanction, finding it was necessitated by his "complete lack of communication[,]" his "disregard [for] his discovery obligations[,]" and noncompliance with the May 4 Order. (Doc. No. 101 at 5.) The only issue remaining before the Court is the appropriate amount of expenses to award BAE with respect to its motion to dismiss. However, the Court first addresses Plaintiffs' arguments in opposition to BAE's motion for attorney fees.

### A.  Plaintiffs' Opposition

First, Plaintiffs contend that because the Court has already sanctioned Mr. Fuga by dismissing him from the putative class action with prejudice, that no further penalty should be imposed. (Doc. No. 116 at 5.) However, Plaintiffs make no argument that Mr. Fuga's failure to respond to BAE's discovery requests or the May 4 Order was substantially justified or that other circumstances make an award of expenses unjust. *See, e.g.*, *Strojnik v. Evans Hotels, LLC*, No.: 3:19-cv-00650-BAS-AHG, 2020 WL 2767361, at *8 (S.D. Cal. May 28, 2020) (granting request for attorney's fees under Rule 37(b)(2)(C) as the court found the plaintiff's failure to respond to discovery requests was not substantially justified and no other circumstances made an award of expenses unjust); *Andreoli v. Youngevity Int'l, Inc.*, No.: 16-cv-02922-BTM-JLB, 2019 WL 2492491, at *9 (S.D. Cal. June 14, 2019) (same).

Next, Plaintiffs assert that a court may not impose attorney's fees on the losing non-moving party if their response or opposition was justified. (Doc. No. 116 at 5.) Plaintiffs

misunderstand Rule 37. The relevant inquiry, rather, is whether Mr. Fuga's failure to comply with his discovery obligations or the May 4 Order was substantially justified. The Court has previously found that it was not. (*See* Doc. No. 101 at 10.)

Lastly, Plaintiffs argue that a court may consider financial hardship as a factor when deciding whether to deny the payment of attorney's fees under Rule 37. (Doc. No. 116 at 6.) Although financial indigence by itself does not necessarily make an award of expenses unjust, "there are situations in which financial indigency may tilt against the imposition of Rule 37 sanctions." *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 521 (D. Md.1984). However, the party to be sanctioned has the burden to prove its inability to pay. *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

The cases cited by Plaintiffs in support of this argument are distinguishable. First, in *Marez v. Chilton*, No. C06-05028 RMWHRL, 2007 WL 2947471, at *1 (N.D. Cal. Oct. 9, 2007), the court found that the plaintiff's in forma pauperis application "suggests that she is not able to pay sanctions in any amount." Similarly, in *Sanchez v. Rodriguez*, 298 F.R.D. 460 (C.D. Cal. 2014), the court found the pro se plaintiff would be unable to pay a monetary sanction because he was proceeding in forma pauperis due to documented indigency. *Id.* at 466. However, Mr. Fuga was not a pro se plaintiff proceeding in forma pauperis, and rather was represented by counsel.

In *Painter v. Atwood*, No. 2:12–cv–01215–JCM–RJJ, 2013 WL 4774762, at *2–3 (D. Nev. Sept. 3, 2013), the court found sufficient reasons to deny sanctions due to the moving party's own actions, including that the plaintiff was not acting in bad faith, and that there was no evidence supporting the reasonableness of expenses incurred. Likewise, in *Equal Employment Opportunity Commission v. Otto*, 75 F.R.D. 624, 627–28 (D. Md. 1976), the court found an "absence of any evidence supporting the reasonableness of expenses incurred in this opposition" and further considered the defendant's financial resources, but did not discuss or elaborate upon the defendant's inability to pay sanctions. Here, BAE's motions for sanctions have been granted and have, with the instant motion, provided evidence supporting the reasonableness of the expenses incurred. Additionally,

other than a declaration filed by Mr. Fuga, Plaintiffs have not provided the Court with any evidence of Mr. Fuga's inability to pay sanctions.

Lastly, in *Pete's Seats, Inc. v. Pete's Sports & Ent., LLC*, No.: 1:14-cv-0777-JLT, 2016 WL 6084392 (E.D. Cal. Oct. 17, 2016), the court held that in light of the terminating sanctions previously imposed, the imposition of additional monetary sanctions would be unjust. *Id.* at *4. However, the Court has already held that an award of attorneys' fees to BAE would not be unjust. (*See* Doc. No. 101 at 10.)

Plaintiffs further argue a payment of attorneys' fees and costs would cause severe financial hardship for Mr. Fuga. (*Id.* at 12.) Mr. Fuga represents that he is "the sole breadwinner of [his] family" and that his salary supports himself, his wife, and their four young children, as well as his fifth child who he shares with his ex-partner, as he pays child support to that child. (Declaration of Tony Fuga, Doc. No. 116-2, ¶ 6.) Mr. Fuga further states he is considered "very low-income" for the San Diego area and that his family is currently on the waiting list for a Section 8 voucher through the U.S. Department of Housing and Urban Development. (*Id.* ¶ 8.) However, to the extent Mr. Fuga's representation that imposing payment of attorneys' fees will cause financial hardship is true, that hardship was avoidable. For example, on May 4, 2023, Magistrate Judge David D. Leshner granted in part BAE's request for monetary sanctions against Mr. Fuga in the sum of $1,763.25 for failure to comply with discovery obligations, and cautioned Mr. Fuga "that further noncompliance with his discovery obligations and/or with any Order of this Court may be considered grounds for the imposition of sanctions . . . ." (Doc. No. 70 at 2–3.) As such, the Court now imposes sanctions.

**B.     Reasonableness of Fees Sought**

In its moving papers, BAE requests $9,060.00 in expenses incurred for bringing the motion to dismiss Mr. Fuga with prejudice. (Doc. No. 111-1.) BAE states its counsel expended 30.4 hours and its paralegal expended 5.3 hours for a lodestar total of $26,526.50, but is requesting a 65% reduction of its actual fees expended to demonstrate the reasonableness of its request. (*Id.* at 8.) Specifically, the $9,060 was calculated as follows:

2 hours for Mary Dollarhide (2 x $795 = $1,590); 8 hours for Taylor Wemmer (8 x $795 = $6,360); and 3 hours for Michelle May (3 x $370 = $1,110). (*Id.* at 8 n.2) Moreover, BAE has chosen not to request fees for the filing of this present motion. (*Id.* at 8.) Significantly, Plaintiffs did not challenge the hourly rates set forth in BAE's fee application in its briefing, nor did they argue that the hours expended by defense counsel thus far were unreasonable. (*See generally* Doc. No. 116.)

Reasonable attorney fees are calculated based on the lodestar method, which requires the Court to "multiply[] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *see also Allergan USA, Inc. v. Prescriber's Choice, Inc.*, No. SACV1701550DOCJDEX, 2018 WL 4745303, at *1 (C.D. Cal. July 16, 2018) (explaining that the lodestar method is generally used to calculate attorney fees for the purpose of Rule 37(a)(5) fee-shifting sanctions); *Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-0824 JWS, 2014 WL 2569157, at *1 (D. Ariz. June 9, 2014) (same).

Defendant bears the burden of demonstrating that its counsels' hourly rates are reasonable and in line with prevailing rates in the relevant legal community of the Southern District of California. *See Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 WL 409724, at *4 (S.D. Cal. 2021). To do so, BAE must produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Roberts v. City & Cnty. of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate").

In calculating the number of reasonable hours to include in the lodestar, the Court may award fees under Rule 37(b)(2)(C) for reasonable expenses incurred "because of Defendant's failure to comply" with a Court order. *Shaw v. Ultimate Franchises*, No. 81802273JLSADSX, 2020 WL 5539963, at *3 (C.D. Cal. Aug. 25, 2020). On the other

hand, "hours actually expended in the litigation are not to be disallowed without a supporting rationale." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

Additionally, although BAE bears the initial burden of documenting its reasonable hours and submitting evidence in support, Plaintiffs bear "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). The Court "has a great deal of discretion in determining the reasonableness of the fee[,]" including "the reasonableness of the hours claimed by the prevailing party." *Id.* at 1398.

According to BAE, a blended rate of $795 is reasonable for the work of counsel. (*Id.* at 6.) To support the requested amount, BAE submits the Declaration of Taylor Wemmer and accompanying exhibits, which explain in detail the amount of experience, skills, and reputation of each attorney involved in working on the motion to dismiss. Specifically, Ms. Dollarhide is a partner at DLA Piper LLP (US) ("DLA"), an international law firm with over 20 offices in the United States, and has over 35 years of experience with complex employment litigation. (Declaration of Taylor Wemmer, Doc. No. 111-2, ¶ 3.) Ms. Dollarhide has received numerous accolades, including most recently being named Lawyer of the Year by Best Lawyers in America and is listed in Chambers USA. (*Id.*) Ms. Wemmer is an associate at DLA and has practiced employment law for over nine and a half years. (*Id.* ¶ 4.) Lastly, Ms. May is a paralegal specialist with over 20 years of experience specializing in complex litigation matters. (*Id.* ¶ 5.) To support these rates, BAE first notes Magistrate Judge Leshner has already found that the rate of $795/hour is reasonable for counsel in this matter. (*See* Doc. No. 80 at 3.)

The Court notes it is not persuaded by the hourly rates for Ms. Wemmer and Ms. May. *See Guerrero v. U.S. Gypsum Co.*, at *6–7 (S.D. Cal. Dec. 30, 2022) (approving rate

of $600 for attorneys with thirteen and fourteen years of experience, respectively); *Vasquez v. Kraft Heinz Foods Co.*, No. 3:16-CV-2749-WQH-BLM, 2020 WL 1550234, at *7 (S.D. Cal. Apr. 1, 2020) (finding rates of $650 for an attorney with 13 years of experience reasonable); *Durruthy v. Charter Commc'ns, LLC*, No.: 3:20-cv-01374-W-MSB, 2021 WL 6883423, at *6 (S.D. Cal. Sept. 30, 2021) (adopting as reasonable hourly rates for paralegals ranging between $175 and $250); *Herring Networks, Inc.*, 2021 WL 409724, at *7 (approving adjusted attorney's fees for paralegals in the hourly rate range of $265 to $280). The Court further notes that in reviewing the billing invoice of BAE's counsel, the totaled expended hours of 30.4 were excessive. However, because BAE has reduced its own request by 65%, the Court ultimately finds BAE's request of $9,060 to be reasonable.

## V.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** BAE's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated:  September 13, 2023

Hon. Anthony J. Battaglia
United States District Judge