1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO CABRALES and TYCHICUS STANISLAS, individually and on behalf of others similarly situated, | Case No.:  21-cv-02122-AJB-DDL |
| Plaintiffs, | **ORDER** |
| v. | **(Doc. Nos. 151, 156)** |
| BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

Presently pending before the Court are Defendant BAE Systems San Diego Ship Repair, Inc.'s *Ex Parte* Motion for Order Approving Supplemental Settlement Communication to Class Members and Allowing Additional Time for Consideration, (Doc. No. 151), and Plaintiffs Federico Cabrales and Tychicus Stanislas's (collectively, "Plaintiffs") *Ex Parte* application for the Court to not consider Defendant's Reply in support of its Ex Parte Motion for Order Approving Supplemental Settlement Communication to Class Members and Allowing Additional Time for Consideration, or in the alternative, for leave to file a sur-reply in response to Defendant's Reply. (Doc. No. 156.) Plaintiffs assert they are unaware of permission being requested by Defendant or granted to file its reply brief. (*Id.* at 2.) For the reasons discussed below, the motions are

1

1  **DENIED**.

2      On December 12, 2023, the Court granted in part and denied in part Plaintiffs' *ex*

3  *parte* application for an Order, in part, prohibiting Defendant from further allegedly

4  misleading communications with putative class members regarding the claims at issue in

5  this case, including any further attempts to settle the claims at issue ("December 12

6  Order"). (*See* Doc. No. 145.) The December 12 Order directed the parties to send a

7  supplemental letter to the then-putative class "in order to counteract the coercive nature of

8  the employer-employee communication" and notify the putative class "that they have more

9  time to consider the offer, discuss with Plaintiffs' counsel, and either complete the

10 settlement or withdraw their prior release as they choose." (Doc No. 145 at 8.) Thereafter,

11 Defendant filed its *ex parte* on December 27, 2023, requesting the court to approve its

12 proposed follow-on letter to class members, (Doc. No. 151), which was opposed by

13 Plaintiffs, (Doc. No. 154).

14     On January 4, 2024, Defendant's counsel Taylor Wemmer contacted the Court

15 requesting Defendant be able to file a reply to Plaintiffs' response in opposition to its Ex

16 Parte Motion for Order Approving Supplemental Settlement Communication to Class

17 Members and Allowing Additional Time for Consideration on the basis that Plaintiffs

18 raised new issues in their Response that had not been raised in the Ex Parte. Defendant's

19 counsel represented its Reply would be narrowly tailored to solely address the new issues

20 raised in Plaintiffs' Response, and thus the Court granted Defendant's request.

21     "Where new evidence is presented in a reply . . . the district court should not consider

22 the new evidence without giving the non-movant an opportunity to respond." *Provenz v.*

23 *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alteration and citation omitted). However,

24 evidence submitted with a reply brief is not new evidence when it is submitted to rebut

25 arguments raised in the opposition brief. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No.

26 12-6467 C MMC, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's

27 Administrative Motion for Leave to File Sur-Reply is hereby DENIED . . . Mentor does

28 not '[raise new arguments and evidence] . . . in its reply brief' . . . but, rather, responds to

2

arguments made in Synopsys's opposition").

Having considered the parties' briefing on Defendant's Ex Parte Motion for Order Approving Supplemental Settlement Communication to Class Members and Allowing Additional Time for Consideration, the Court finds the evidence raised in Defendant's Reply brief does not present new information but responds to arguments raised in Plaintiffs' Opposition. Accordingly, no sur-reply is warranted on these issues and Plaintiffs' *ex parte* request is **DENIED**. (Doc. No. 156.)

However, the Court agrees with Plaintiffs that because class certification was previously granted and an attorney-client relationship was created between Plaintiffs' counsel and class members, Defendant is prohibited from communicating with class members. (*See* Doc. No. 154 at 11.) Thus, the Court **DENIES** Defendant's *ex parte* request to approving supplemental settlement communication to class members. (Doc. No. 151.) The Court **DIRECTS** the parties to contact the chambers of Magistrate Judge David D. Leshner for a conference to jointly draft a mutually agreeable communication to send to the class, sent either jointly or through Plaintiffs' counsel. It strikes the Court that this letter is important to clear any confusion or uncertainty about the status of the case. As a result, an updated status of the litigation needs to be set forth. To the extent that Defendant is continuing to extend a settlement offer to the class, the letter should so state, and include "that they have more time to consider the offer, discuss with Plaintiffs' counsel (and not directly with Defendant), and either complete the settlement or withdraw their prior release as they choose."

Finally, the Court asks that Judge Leshner conduct a settlement conference given the impact of the Court's substantive rulings.

**IT IS SO ORDERED.**

Dated: January 10, 2024

Hon. Anthony J. Battaglia
United States District Judge

3