MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
DALIA KHALILI (SBN 253840)
dkhalili@maternlawgroup.com
KIRAN PRASAD (SBN 255348)
kprasad@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
MATERN LAW GROUP, PC
2101 East El Segundo Boulevard, Suite 403
El Segundo, California 90245
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiffs
FEDERICO CABRALES, TYCHICUS STANISLAS, and the Certified Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO CABRALES, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-CV-02122-AJB-DDL<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  July 1, 2025<br>Time:  2:00 p.m.<br>Courtroom:  4A<br>Judge:  Hon. Anthony J. Battaglia<br><br>Complaint Filed:  October 26, 2021<br>FAC Filed:  January 20, 2022<br>SAC Filed:  August 12, 2022<br>Trial Date:  None Set |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on July 1, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 4A of the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, California 92101, Plaintiffs Federico Cabrales and Tychicus Stanislas ("Plaintiffs") will, and hereby do, move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order as follows:

1. Granting final approval of the terms of the Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement")[1] as fair, reasonable, and adequate to all Settlement Class Members, FLSA Collective Members, and PAGA Members;

2. Finding that the Notice Packet distributed to the Settlement Class Members pursuant to the Court's order granting preliminary approval of the Settlement constituted the best notice practicable under the circumstances;

3. Finally certifying the following Settlement Class for settlement purposes only: (1) All current and former California based non-exempt employees of Defendant BAE Systems San Diego Ship Repair Inc. ("BAE") who worked at least one Workweek during the period from October 26, 2017 through June 1, 2024 (the "Class Period"), (2) all current and former California based non-exempt employees of Acro Service Corporation ("Acro") who were placed to work at BAE for at least one Workweek during the Class Period, and (3) all current and former California based non-exempt employees of NSC Technologies, LLC ("NSC") who were placed to work at BAE for at least one Workweek between August 9, 2021 and the end of the Class Period;

4. Finally certifying the FLSA collective action, pursuant to 29 U.S.C. § 216(b), for the following FLSA Collective Members: (1) all current and former California based

---

[1] The Settlement Agreement is attached to the Declaration of Matthew W. Gordon in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement as Exhibit 2.

non-exempt employees of BAE who worked at least one Workweek during the period from January 20, 2019 through June 1, 2024 (the "FLSA Period"), (2) all current and former California based non-exempt employees of Acro who were placed to work at BAE for at least one Workweek during the FLSA Period, and (3) all current and former California based non-exempt employees of NSC who were placed to work at BAE for at least one Workweek between August 9, 2021 and the end of the FLSA Period;

5. Approving the allocation of $100,000.00 from the Maximum Settlement Amount for satisfaction of PAGA Members' Released PAGA Claims, with $75,000.00 (75%) paid to the California Labor and Workforce Development Agency and $25,000.00 (25%) paid to PAGA Members on a pro rata basis;

6. Approving Settlement Administration Costs in the amount of $35,000.00 to Phoenix Settlement Administrators; and

7. Entering final judgment in the action.[2]

This motion is made on the grounds that the Settlement is "fair, reasonable and adequate" after considering whether: (A) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, (iii) the terms of the proposed award of attorneys' fees, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposed Settlement treats Settlement Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Furthermore, the Court should approve the FLSA Amount of $15,000 because it is a fair and reasonable resolution of a bona fide dispute regarding the existence and extent of BAE's liability for time spent by FLSA Collective Members donning and doffing

---

[2] Concurrently with this motion, Plaintiffs are filing a separate Motion for Approval of Attorneys' Fees, Costs, and Class Representative Enhancement Payments.

during meal periods.

Finally, the Court should approve the proposed LWDA Payment of $100,000 because it is fair, reasonable, and adequate and consistent with PAGA's purposes to remediate present labor law violations, to deter future violations, and to benefit the public through enforcement of state labor laws.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Matthew W. Gordon, the Declaration of Plaintiff Federico Osuna Cabrales, the Declaration of Tychicus Stanislas, the Declaration of Mayra J. Gonzalez of Phoenix Settlement Administrators, all documents and records on file in this action, and any other evidence or oral argument that may be considered by the Court at the time of the hearing.

DATED: May 1, 2025

Respectfully submitted,

MATERN LAW GROUP, PC

By: */s/ Matthew W. Gordon*
MATTHEW J. MATERN
DALIA KHALILI
KIRAN PRASAD
MATTHEW W. GORDON
Attorneys for Plaintiffs
FEDERICO CABRALES and TYCHICUS STANISLAS